IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
JESSE C. LYONS,                                         : CASE NO. 1:04 CV 2186
                                                        :
                                        Petitioner,     :
                                                        : MEMORANDUM OF OPINION AND
            -vs-                                        : ORDER GRANTING RESPONDENT'S
                                                        : MOTION TO DISMISS IN PART
MARGARET BRADSHAW, Warden,                              :
                                                        :
                                        Respondent.     :
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is respondent's motion to dismiss Jesse Lyons' petition for writ of habeas corpus.  (Docket No. 6).  On 2 November 2004, Jesse Lyons filed a pro se habeas petition, alleging violation of his constitutional rights on three grounds: (1) the state appellate court erred when it denied Mr. Lyons' application to re-open his appeal for untimeliness; (2) ineffective assistance of appellate counsel; and (3) ineffective assistance of trial counsel.  (Docket No. 1).  Respondent's motion asserts that Mr. Lyons failed to exhaust the state remedies for his claim of ineffective assistance of trial counsel.  (Docket No. 6).  Mr. Lyons filed objections to the motion to dismiss on 10 March 2005.  (Docket No. 7).

Respondent's motion and petitioner's objections were referred to United States Magistrate Judge Kenneth McHargh for a Report and Recommendation ("R&R").  Magistrate Judge McHargh recommended that the Court grant the motion in part by dismissing the third claim of the habeas petition.  (Docket No. 9).  The Court adopts

Magistrate Judge McHargh's recommendation, but for reasons different than those articulated in the R&R.

## I.  BACKGROUND

On 7 June 2002, Mr. Lyons was indicted by the Medina County Grand Jury on one count of felonious assault and one count of kidnaping. Ohio v. Lyons, 2003 WL 22439792, *1 (Ohio App. 9 Dist. 29 October 2003). A jury found Mr. Lyons guilty on both counts, and the trial court sentenced Mr. Lyons to a term of eight years. (Docket No. 1). Mr. Lyons timely filed a direct appeal with the 9th District Court of Appeals, asserting four assignments of error:

1. The trial court erred when it gave an erroneous jury instruction on self defense;

2. The trial court erred when it allowed the State of Ohio to present evidence in violation of Ohio Evid. R. 404;

3. Mr. Lyons' convictions are contrary to the manifest weight of the evidence, and the trial court erred in denying Mr. Lyons' motion for acquittal pursuant to Ohio Crim. R. 29; and

4. The trial court erred when it sentenced Mr. Lyons to a maximum term of imprisonment for felonious assault.

Lyons, 2003 WL 22439792. Mr. Lyons did not assert ineffective assistance of counsel in his direct appeal, nor did he raise ineffective assistance of counsel by filing a petition for a post-conviction proceeding pursuant to Ohio Revised Code § 2953.21.

On 29 October 2003, the Ninth District affirmed Mr. Lyons' convictions. Lyons, 2003 WL 22439792. Instead of appealing this decision to the Ohio Supreme Court, Mr. Lyons, on 28 January 2004, applied to re-open his original appeal pursuant to Ohio Appellate Rule 26(B). (Docket No. 1). In addition to challenging the effective

2

assistance of his appellate counsel, the purpose for which Rule 26(B) exists,[1] Mr. Lyons also raised ineffective assistance of trial counsel for the first time.[2] Id. The Ninth District denied his 26(B) motion, and Mr. Lyons appealed that decision to the Ohio Supreme Court, again raising ineffective assistance of trial counsel as a ground for relief.[3] The Ohio Supreme Court did not accept Mr. Lyons' appeal for review. Ohio v. Lyons, 810 N.E.2d 968 (2004). Mr. Lyons filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on 2 November 2004. (Docket No. 1).

## II. STANDARD OF REVIEW

Respondent's motion fails to cite the rule of law under which she brings this matter to the Court. (See Docket No. 6). Upon review of the memorandum submitted in support of the motion to dismiss, the Court construes the standard to be "failure to state a claim upon which relief can be granted," pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Ohio R. App. P. 26(B)(1).

[2] Mr. Lyons asserted three assignments of error in his Rule 26(B) motion: (1) ineffective assistance of appellate counsel when counsel failed to raise the ineffective assistance of trial counsel issue on direct appeal; (2) ineffective assistance of trial counsel when trial counsel failed to call critical witnesses to testify at trial; and (3) prejudicial error when the trial court imposed the maximum sentence of eight years for felonious assault. (Docket No. 1).

[3] Mr. Lyons asserted four assignments of error in his appeal to the Ohio Supreme Court: (1) prejudicial error when the Ninth District denied Mr. Lyons' 26(B) application for untimeliness; (2) ineffective assistance of appellate counsel; (3) ineffective assistance of trial counsel; and (4) prejudicial error when the trial court imposed the maximum sentence of eight years for felonious assault. (Docket No. 1).

3

A Rule 12(b)(6) motion tests whether the plaintiff pleads a cognizable claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). In considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint liberally in the plaintiff's favor and accept all of plaintiff's factual allegations as true. Lillard v. Shelby Cty. Bd. of Educ., 76 F.3d 716, 724 (6th Cir. 1994). A Rule 12(b)(6) motion to dismiss will be granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir.1996) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III. LAW AND ANALYSIS

The issue before the Court is whether Mr. Lyons exhausted the state appeals process with respect to his claim of ineffective assistance from his trial counsel. Because Mr. Lyons did not raise this ground for relief either on direct appeal to the Ninth District or through Ohio's statutory remedy of a post-conviction proceeding, he is precluded from petitioning the Court for writ of habeas corpus on this claim.

A federal habeas petition should be dismissed where the petitioner has not first exhausted available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); 28 U.S.C. § 2254(b)(1)(A)("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). "This exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial

4

proceedings." Rose v. Lundy, 455 U.S. 509, 519 (1982). The doctrine is satisfied where the petitioner completes the state's established appeals process and the highest state court has been afforded "a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990).

Ohio affords persons convicted of a criminal offense a complete appeals process to remedy a claim for ineffective assistance of counsel. A prisoner can raise the claim in a direct appeal to the Ohio Court of Appeals pursuant to Appellate Procedure Rule 4. Because direct appeals must be based on facts appearing in the record, the Ohio General Assembly provides an additional procedure whereby an appellant can present evidence not in the trial record of his trial counsel's ineffectiveness. Ohio v. Cooperrider, 448 N.E.2d 452, 454 (Ohio 1983). Section 2953.21 of the Ohio Revised Code provides persons convicted of a criminal offense the option of filing a petition in the court that imposed their sentence to vacate or set aside the judgment. See id. The petition shall state the grounds for relief relied upon and may be supported by an affidavit and other documentary evidence. O.R.C. §§ 2953.21(A)(1)-(2).

Ineffective assistance of trial counsel, the third ground for relief asserted in Mr. Lyons' habeas petition, was never raised either on direct appeal to the Ninth District nor in a post-conviction proceeding pursuant to Ohio Revised Code § 2953.21. Instead, Mr. Lyons first introduced the claim when he applied to have his direct appeal re-opened pursuant to Appellate Rule 26(B). Rule 26(B) is not an appeals procedure that permits defendants to challenge a conviction and sentence based on a claim of ineffective assistance of trial counsel. As such, neither the Ninth District nor the Ohio Supreme

5

Court were ever afforded a full and fair opportunity to rule on the claim, and 28 U.S.C. § 2254(b)(1)(A) bars the petitioner from now raising the claim in his federal habeas petition.

## IV. CONCLUSION

Construing the petition liberally in the plaintiff's favor and accepting as true all factual allegations and permissible inferences therein, the Court concludes that the third claim in Mr. Lyons' habeas petition fails to state a claim upon which relief can be granted and respondent's motion to dismiss will be granted in part.

Respondent's motion seeks a dismissal of Mr. Lyons' habeas petition in its entirety because Mr. Lyons did not exhaust the state court remedies with respect to his ineffective assistance of trial counsel claim. In 1982, the Supreme Court held that a district court must dismiss habeas petitions that contain both exhausted and unexhausted claims. Rose, 455 U.S. 509, 522 (1982). The Sixth Circuit has adopted a "stay and abeyance" procedure with respect to this exhaustion rule: "[t]he district court should dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court." Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002)(recognizing the purpose of the rule as reconciling the holding and rationale in Rose with the 1996 habeas corpus statute amendments).

The Court recognizes that staying further proceedings in this matter until Mr. Lyons exhausts his claim of ineffective assistance of trial council through the appropriate state appeals process would be futile, as the statue of limitations has passed. For this reason, the Court will not stay the proceedings pending exhaustion of

state remedies.  Instead, the Court hereby severs the unexhausted claim from the petition.

The Court will retain and consider the habeas petition on Mr. Lyons' remaining claims: (1) the state appellate court erred when it denied Mr. Lyons' application to re-open his appeal for untimeliness; and (2) ineffective assistance of appellate counsel. Pursuant to Local Civil Rule 7.1, the respondent may file a brief with the Court in opposition to Mr. Lyons' petition with respect to these two claims on or before Friday, 27 October 2006.

      IT IS SO ORDERED.

                                               /s/ Lesley Wells  
                                         UNITED STATES DISTRICT JUDGE