UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JESSE C. LYONS, | ) 1:04CV2186 |
| | ) |
| Petitioner | ) JUDGE LESLEY WELLS |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| MARGARET BRADSHAW, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Jesse C. Lyons ("Lyons") has filed a petition pro se for a writ of habeas corpus regarding his 2003 felony convictions for felonious assault and kidnapping, in the Medina County, Ohio, Court of Common Pleas. (Doc. 1.) Lyons raises three grounds for relief in his petition:

> 1. Petitioner was denied the constitutional rights [to][1] due process of law, procedural due process of law, access to the courts and the right to petition when the state appellate court denied his application for reopening of appeal as untimely filed when the Ohio Rules of Appellate Procedure establish petitioners application was timely filed, First, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.
>
> 2. Petitioner was denied the effective assistance of appellate counsel when counsel failed to raise the ineffective assistance of trial counsel issue on direct appeal, Sixth and Fourteenth Amendments of the United States Constitution.

---

[1] Lyons frequently spells "to" as "too." The court will correct future misspellings of "to" without noting the corrections.

> 3. Petitioner was denied the constitutional right to the effective assistance of trial counsel when trial counsel failed to call critical witnesses to testify at trial, Sixth and Fourteenth Amendments of the United States Constitution.

(Doc. 1, §§12.A.-12.C.) The third claim has been dismissed, on the basis that Lyons failed to exhaust the claim in the state courts. (Doc. 11.)

The respondent argues that the petition should not be granted on the remaining claims, because the first claim is based on an alleged violation of state law, and the second claim was procedurally defaulted. (Doc. 14.)

## I. FACTUAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

> On June 7, 2002, the Medina County Grand Jury indicted Mr. Lyons on two separate counts: (1) felonious assault, in violation of R.C. 2903.11(A)(1); and (2) kidnapping, in violation of R.C. 2905.01(A)(2) and/or (B)(2). A jury trial followed. The jury found Mr. Lyons guilty on both counts, and the trial court sentenced him.

(Doc. 17, RX 5, at 1-2; State v. Lyons, No. 03CA0023-M, 2003 WL 22439792, at *1 (Ohio Ct. App. Oct. 29, 2003).)

Other facts relevant to the motion before the court were discussed in the body of the appellate court's opinion. The trial record, as cited in the appellate court's opinion, reflects the following: Lyons was convicted of felonious assault, namely, severely beating the victim, Wellman, following a drunken argument between Wellman and Lyons in a parking lot outside a bar. Besides Lyons, three other men were involved in the attack on Wellman. (Doc. 17, RX 5, at 6-7; Lyons, 2003 WL 22439792, at *3-*4.) Although Wellman apparently struck the first blow against

Lyons, the trial court remarked that the group attack on Wellman "was the worst case of physical assault it has seen, where the victim did not die." (RX 5, at 16; Lyons, 2003 WL 22439792, at*8.) Two physicians testified as to the extent of the victim's injuries, which resulted in brain damage, among other injuries. (RX 5, at 7; Lyons, 2003 WL 22439792, at *3, *8.)

Wellman himself did not testify at trial, probably for the reason, as his wife testified, that "Wellman could not remember how he sustained his injuries." (RX 5, at 5; Lyons, 2003 WL 22439792, at *2.) An investigating detective testified that Lyons admitted that he hit the victim in the head, and that another man hit the victim on the head with a beer bottle. (RX 5, at 7; Lyons, 2003 WL 22439792, at *3.) Another of the men involved in the attack, Doug Robinson, testified that Lyons punched Wellman in the head several times, and that Thomas hit the victim in the head with a beer bottle. (RX 5, at 8; Lyons, 2003 WL 22439792, at *3.) Lyons testified in his own defense, but admitted that he assaulted the victim. (RX 5, at 9; Lyons, 2003 WL 22439792, at *4.)

## II. PROCEDURAL BACKGROUND

Lyons, through his appellate counsel, raised five assignments of error on his direct appeal:

> 1. The trial court erred when it gave an erroneous jury instruction on self defense.
>
> 2. The trial court erred when it allowed the State of Ohio to present impermissible other acts evidence in violation of Evidence Rule 404.

> 3. Appellant's conviction is contrary to the manifest weight of the evidence.
>
> 4. The trial court erred when it denied appellant's motion for acquittal pursuant to Criminal Rule 29.
>
> 5. The trial court erred when it sentenced appellant to a maximum term of imprisonment for felonious assault.

(Doc. 17, RX 3.)  On Oct. 29, 2003, the Ohio Court of Appeals affirmed his convictions.  (Doc. 17, RX 5; Lyons, 2003 WL 22439792, at *8.)

Lyons did not appeal his conviction to the Ohio Supreme Court.  (Doc. 1, ¶ 9(e); memorandum in support, at 4.)

On Jan. 28, 2004, Lyons moved, under Ohio App.R. 26(B), to re-open his original appeal on the grounds that appellate counsel was ineffective.  Lyons presented the following three assignments of error:

> 1. The appellant was denied the effective assistance of appellate counsel when counsel failed to raise the ineffective assistance of trial counsel issue on direct appeal, Article 1 Section 10 of the Ohio Constitution, and the Sixth and Fourteenth Amendments of the United States Constitution.
>
> 2.  The appellant was denied the constitutional right to the effective assistance of trial counsel when trial counsel failed to call critical witnesses to testify at trial, Article 1 Section 10 of the Ohio Constitution the Sixth and Fourteenth Amendments of the United States Constitution.
>
> 3. The trial court committed prejudicial error when it imposed the maximum sentence of eight (8) years for Felonious Assault when it was clear that the appellant did not cause the serious injuries that the trial court had based its sentence on.

(Doc. 17, RX 6.)

The court of appeals denied his application for re-opening on Feb. 25, 2004, finding that he had failed to show good cause for the untimely filing of his application. (Doc. 17, RX 7.)

On April 5, 2004, Lyons appealed this denial to the Ohio Supreme Court, raising the following four propositions of law:

> 1. The court of appeals commits a plain and prejudicial error when it denies a timely filed application for reopening of appeal without reaching the merit of the assignments of error found properly presently within the application, Appellate Rule's 12(A), 14(C) and 26(B), and Article One Section's Ten and Sixteen of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.
>
> 2. The appellant was denied the effective assistance of appellate counsel when counsel failed to raise the ineffective assistance of trial counsel issue on direct appeal, Article One Section Ten of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution.
>
> 3. The appellant was denied the constitutional right to the effective assistance of trial counsel when trial counsel failed to call critical witnesses to testify at trial, Article One Section Ten of the Ohio Constitution and the Sixth and Fourteenth Amendments of the United States Constitution.
>
> 4. The trial court committed prejudicial error when it imposed the maximum sentence of eight (8) years for Felonious Assault when it was clear that the appellant did not cause the serious injuries that the trial court had based its sentence on.

(Doc. 17, RX 8.)

On June 23, 2004, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. (Doc. 17, RX 10; State v. Lyons, 102 Ohio St.3d 1485, 810 N.E.2d 968 (2004)).

III.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court

must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Lyons has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## IV. EXHAUSTION AND PROCEDURAL DEFAULT

The respondent contends that the second claim, based on ineffective assistance of appellate counsel, has been procedurally defaulted. (Doc. 14, at 11-15.) The respondent argues that the "ineffective assistance of appellate counsel claim is procedurally defaulted because he did not present it to the state court in the manner required by the state's procedural law and the state courts refused to review the claim." Id. at 15.

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004).

The court considers four factors to determine whether a claim has been procedurally defaulted: (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state

courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. Buell, 274 F.3d at 348 (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Lyons moved to re-open his original appeal, under Ohio App. Rule 26(B), on the grounds that his appellate counsel was ineffective, but the appellate court ruled that his application was untimely filed, and denied his application on that basis, finding that he had failed to show good cause for the untimely filing. (Doc. 17, RX 7.)

Rule 26(B)'s 90-day filing period is a state procedural rule applicable to Lyons's claim, and the state court found that Lyons failed to comply with the timely-filing provision. The state court enforced the procedural sanction by denying his application for reopening. The Sixth Circuit has found that the "good cause" requirement in Rule 26(B) is an adequate state procedural ground. Monzo v. Edwards, 281 F.3d 568, 578 (6th Cir. 2002); Smith v. Ohio Dept. of Rehab. and Corr., 331 F.Supp.2d 605, 621-622 (N.D. Ohio 2004), aff'd, 463 F.3d 426 (6th Cir. 2006). See generally Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (ineffective assistance of counsel claim asserted as cause for another procedurally defaulted federal claim can itself be procedurally defaulted).

Thus, Lyons must demonstrate there was cause for him not to follow the procedural rule. To establish cause, the petitioner must show that "some objective factor external to the defense" prevented his compliance with the state's procedural rule. Bonilla v. Hurley, 370 F.3d 494, 498 (6th Cir. 2004) (per curiam), cert. denied, 543 U.S. 989 (2004) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Lyons does not show cause for his untimely filing, but rather argues that the application should have been considered timely filed. (Doc. 1, memorandum in support, at 8, 11.)

Because Lyons has not shown cause, it is unnecessary to consider the issue of prejudice. Murray, 477 U.S. at 494; Shabazz v. Ohio, 149 F.3d 1184, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (TABLE, text in WESTLAW).

The second claim, based on ineffective assistance of appellate counsel, has been procedurally defaulted.

## V.  DENIAL OF APPLICATION TO RE-OPEN APPEAL

The first ground of the petition alleges that Lyons was denied his "constitutional rights to due process of law, procedural due process of law, access to the courts and the right to petition when the state appellate court denied his application for reopening of appeal as untimely filed when the Ohio Rules of Appellate Procedure establish petitioners application was timely filed." (Doc. 1, at § 12.C.) The respondent argues that this claim is not cognizable in federal habeas corpus. (Doc. 14, at 9-11.)

The Ohio Court of Appeals affirmed his convictions in a journal entry dated Oct. 29, 2003.  (Doc. 17, RX 5; Lyons, 2003 WL 22439792, at *8.)  Lyons states that he placed his application into the prison mail system[2] on January 25, 2004, and it was docketed on January 28.  (Doc. 1, memorandum in support, at 4, 7.)

Lyons claims that his Rule 26(B) application should have been considered timely filed, because he was entitled to an additional three days under Ohio App. R. 14(C).  (Doc. 1, memorandum in support, at 7-8; doc. 17, RX 8, at 4.)  The respondent points out that Rule 14(C) only pertains to those prescribed time periods which begin after service.  (Doc. 14, at 9, citing Ohio App. R. 14(C).)  The time period governing an application for reopening under Rule 26(B), in contrast, begins to run "ninety days from the journalization of the appellate judgment."   (Doc. 14, at 9-10, citing Ohio App. R. 26(B)(1).)  Thus, Rule 14(C) is inapplicable.

In any event, federal habeas relief is not available for a claimed error of state law.  Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  Lyons is arguing that the state court misapplied its procedural rules regarding time.  This court is "obligated to accept as valid a state court's interpretation of state law and rules of practice of

---

[2]The Ohio Supreme Court has rejected the argument that a pro se prisoner's appeal is timely if it is turned over to prison authorities for mailing within the filing period.  State ex rel. Tyler v. Alexander, 52 Ohio St.3d 84, 555 N.E.2d 966 (1990) (per curiam).  See also Vroman v. Brigano, 346 F.3d 598, 603-604 (6th Cir. 2003) (following Tyler).  Although the U.S. Supreme Court in Houston v. Lack, 487 U.S. 266, 270 (1988), adopted the mailbox rule, holding that a pro se prisoner's appeal is considered "filed" under federal law when it is turned over to prison authorities for mailing, the "Ohio Supreme Court has expressly rejected this rule." Vroman, 346 F.3d at 604.

that state." Vroman, 346 F.3d at 604 (citing Duffel v. Dutton, 785 F.2d 131, 133 (6th Cir. 1986)). See generally Johnson v. Fankell, 520 U.S. 911, 916 (1997).

Lyons has failed to demonstrate that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Williams, 529 U.S. at 412-413; Lewis, 497 U.S. at 780. The petition should not be granted on this ground.

## VI. SUMMARY

The petition for a writ of habeas corpus should be denied. As to the first ground of the petition, Lyons failed to demonstrate that the state court decision regarding the timeliness of his application for re-opening was contrary to, or involved an unreasonable application of, clearly established federal law. The second ground, based on ineffective assistance of appellate counsel, was procedurally defaulted. The third and final ground has been dismissed previously.

## RECOMMENDATION

It is recommended that the petition be denied.

Dated:   Feb. 14, 2007                              /s/ Kenneth S. McHargh
                                                                                    Kenneth S. McHargh
                                                                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's

order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).